IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 09-40049-RDR |
| GREGORY D. CROSBY, | ) | |
| Defendant. | ) | |

## MEORANDUM AND ORDER

This matter is presently before the court upon defendant's <u>pro</u> <u>se</u> motion for new trial under Fed.R.Crim.P. 33 and Fed.R.Civ.P. 60(b). Having carefully reviewed the arguments of the parties, the court is now prepared to rule.[1]

---

[1] Following the filing of the instant motion, the defendant filed a motion for post-conviction DNA testing pursuant to 18 U.S.C. § 3600. Under 18 U.S.C. § 3600(a)(8), a court must order DNA testing if the court finds that the proposed DNA testing may produce new evidence raising a reasonable probability that the applicant did not commit the offense. See 18 U.S.C. 3600(a)(8)(A)-(B). Whether the introduction of DNA evidence would raise a reasonable probability that the defendant is innocent must be viewed in light of all of the evidence the government used to convict him. Here, a review of all of the evidence reveals that DNA testing would not raise a reasonable probability that the defendant is innocent. In his prior motion under 28 U.S.C. § 2255, the defendant had argued that his counsel was ineffective because he failed to pursue DNA testing on certain evidence. The court rejected this claim, finding that his counsel's failure to obtain such testing "would not have made any difference due to the overwhelming evidence that was presented at trial," where "[t]he government presented three eyewitness bank employees who positively identified the defendant at the bank less than two hours after the robbery occurred, and each made an in-court identification." In sum, the court shall deny this motion.

I.

On December 8, 2009, the defendant was convicted by a jury of attempted bank robbery and conveying false information. His convictions were affirmed by the Tenth Circuit on March 23, 2011. United States v. Crosby, 416 Fed.Appx. 776 (10th Cir. 2011). Proceeding pro se, the defendant filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 on July 8, 2011. The court denied the defendant's motion on March 16, 2012. The Tenth Circuit affirmed this court's decision on June 21, 2012. United States v. Crosby, 468 Fed.Appx. 913 (10th Cir.), cert. denied, 133 S.Ct. 314 (2012). The instant motion was filed on October 22, 2012.

II.

The facts presented at trial were summarized by the Tenth Circuit as follows:

> On May 21, 2009, Crosby drove up to the drive-through window at a federally insured bank in Topeka, Kansas, and passed a note to the teller demanding cash. The robbery note read: "This is a robbery. Give me all large bills. 100s, 50s, no bait money, no alarms, and give note back and do it fast." The bank lobby was closed. The teller did not dispense any money to Crosby, but discussed the note with his fellow tellers who set off the alarm, called the police, and jotted down Crosby's license number. When he did not receive any money after waiting for a minute or less, Crosby drove away from the bank. He was soon apprehended in a nearby store parking lot. When approached by police officers, he claimed he had a bomb in his car and had placed another bomb in the federal courthouse. No bombs were found at either location.

Crosby, 416 Fed.Appx. at 777 (citation to record omitted).

In the instant motion, the defendant seeks relief under Fed.R.Crim.P. 33 and Fed.R.Civ.P. 60(b). He asserts three grounds for relief: (1) no DNA analysis was conducted on any piece of evidence that tied him to the robbery; (2) clothing that was sent to his appellate counsel after the trial would exonerate him because the evidence offered at trial on the description of the clothing he wore on the date of the alleged robbery was incorrect; and (3) he is innocent of the crimes because there is no physical evidence, including fingerprint evidence, linking him to the crimes.

III.

A.

Federal Rule of Civil Procedure 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

3

(6) any other reason that justifies relief.

Congress, in the passage of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), placed various restrictions on habeas petitions. Second or successive habeas petitions may proceed only in specified circumstances and only with a circuit court's prior authorization. See 28 U.S.C. §§ 2244(b), 2255(h). In Gonzales v.Crosby, 545 U.S. 524 (2005), the Supreme Court provided guidance on the interplay between Fed.R.Civ.P. 60(b) and the AEDPA rules on second or successive motions under 28 U.S.C. § 2254. The Gonzales analysis has been applied to § 2255 proceedings as well. United States v. Nelson, 465 F.3d 1145, 1147 (10th Cir. 2006).

A Rule 60(b) motion is to be treated as a successive habeas petition if it: (1) "seeks to add a new ground of relief;" or (2) "attacks the federal court's previous resolution of a claim on the merits." Gonzales, 545 U.S. at 532. The Supreme Court defined "claim" as "an asserted federal basis for relief from a state court's judgment of conviction." Id. at 530. The Court defined "on the merits" as "a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief." Id. at 532 n. 4. The Court clarified that

> [w]hen a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits

> determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.

Id.

In Spitznas v. Boone, 464 F.3d 1213, 1215-16 (10th Cir. 2006), the Tenth Circuit summarized Gonzales as follows:

> Under Gonzalez, a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction. Conversely, it is a "true" 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.

Based on the foregoing framework, the court in this case must first assure itself that it has subject matter jurisdiction over each of defendant's claims by examining each of defendant's contentions and determining whether each is, in effect, a habeas claim or an allegation regarding a defect in the integrity of the federal habeas proceedings.

B.

Rule 33 divides motions for new trial based on the interest of justice into two different subcategories: (1) motions based on newly discovered evidence; and (2) motions based on 'other grounds'. "Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14

5

days after the verdict or finding of guilty." Fed. R.Crim. P. 33(b)(2). This deadline is generally viewed as an inflexible claim-processing rule that prevents the court from accepting a late-filed motion if the government objects. See Eberhart v. United States, 546 U.S. 12, 19 (2005). Rule 33 further specifies that:

> Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.

Fed. R.Crim. P. 33(b)(1).

## IV.

### A.

The court begins by considering defendant's claims under Rule 33. The government contends all of the claims made by the defendant are time-barred under Rule 33(b)(2) because they are not claims of newly discovered evidence. The court agrees. To satisfy the requirement of newly discovered evidence under Rule 33, a defendant must show: (1) the evidence was discovered after trial; (2) the failure to discover the evidence was not caused by the defendant's lack of diligence; (3) the new evidence is not merely impeaching; (4) the new evidence is material to the principal issues involved; and (5) the new evidence would probably produce an acquittal in a new trial. United States v. Pearson, 203 F.3d 1243, 1274 (10th Cir. 2000).

The claims raised by the defendant do not involve any newly discovered evidence.

The defendant initially suggests that he is entitled to a new trial because the evidence admitted at trial was never tested for DNA and "not one single piece of physical[] evidence was t[ied] to [him]." The defendant points to no newly discovered evidence. Rather, he points to the trial evidence itself, claiming that the evidence as presented at trial was insufficient to support his conviction. This claim is certainly not grounded on newly discovered evidence and thus is untimely under Rule 33.

The defendant next contends that the clothing that he wore on the day of the alleged robbery was incorrectly described by the witnesses. He further asserts that clothing he sent to his appellate counsel would exonerate him. Finally, he suggests that the court was biased in not allowing him to have this clothing tested for DNA. Again, this is not newly discovered evidence. The defendant was aware of all of these problems at trial. The employees at the bank did offer different descriptions of the clothing worn by the robber. This issue, however, was addressed by the defendant's counsel during closing argument and the jury obviously found that it lacked merit. The court is not persuaded that any of the defendant's arguments on this issue constitute newly discovered evidence.

7

Finally, the defendant contends that he is actually innocent of the crimes because of the lack of physical evidence tying him to them. Again, this claim is untimely under Rule 33 because it is not based on newly discovered evidence. Rather, the defendant is simply making a claim attacking the sufficiency of the evidence against him.

The court notes that, in his reply to the government's response, the defendant suggests that he is asserting newly discovered evidence. He alleges, in cryptic fashion, that the newly discovered evidence consists of the following: (1) "$3,000.00 were (sic) under the driver seat of the car"; (2) he found this stolen vehicle; (3) he had on different clothes on the day of the alleged robbery; (4) the bank note did not have his signature or fingerprints on it; (5) he was wearing glasses (apparently on the day of the alleged robbery); and (6) DNA testing will show that his DNA was not on the evidence introduced at trial; (7) he only made one "bomb threat" and this occurred because he was falsely accused of bank robbery; and (8) the government withheld evidence that he was "hog-tied" by law enforcement officers following his arrest.

The court has several problems with the issues raised in defendant's reply. The court notes we do not usually consider issues raised initially in a reply brief. See Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 724 (10th Cir. 1993). The

8

defendant has offered no explanation for his failure to raise these matters in his initial brief. However, even if the court were to consider them, we do not find that they provide any basis for relief under Rule 33. All of this "evidence" was available to the defendant at the time of trial. It is not "newly discovered" since defendant could have raised all of these matters at trial. The issue of the lack of DNA evidence was argued by his counsel during the examination of government witnesses and in his closing argument.

In sum, the court shall deny defendant's motion for new trial under Rule 33 because we find that the defendant has failed to assert any claim based upon newly discovered evidence. Accordingly, defendant's claims are time-barred because he failed to raise them within 14 days of the verdict in this case.

## B.

The court next considers defendant's claims under Rule 60(b), even those raised in his reply brief. The government asserts that all of the defendant's claims are not cognizable under Rule 60(b) because (1) they do not purport to challenge a procedural ruling which precluded a merits determination of his habeas application; and (2) they do not challenge a defect in the integrity of the habeas proceeding. We must agree again. The claims raised by the defendant are merit-based attacks on his conviction. Thus, they are claims that assert or reassert a

federal basis for relief from the defendant's underlying conviction. Under these circumstances, the court finds that the defendant's motion is not a "true" Rule 60(b) motion and is properly construed as a second or successive § 2255 argument.

In order to file a successive § 2255 motion, a defendant must first move the court of appeals for an order authorizing the district court to hear the motion. 28 U.S.C. § 2244(b)(3). The court of appeals then may grant permission to file a second or successive motion only if the applicant meets certain criteria. § 2255(h). Specifically, the applicant must show either "(1) the existence of newly discovered evidence that, if proven in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id.

Because the defendant has failed to obtain, or even seek, that permission, this court may transfer the case to the Tenth Circuit if "it is in the interest of justice to do so." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). If it is not in the interests of justice to transfer the case, however, this court must dismiss the case for lack of jurisdiction because it has no authority to entertain second or successive § 2255 motions

unauthorized by the court of appeals. Id. When the successive § 2255 motion "fails on its face to satisfy the authorization standards of § 2255(h)" and when "there is no risk that a meritorious successive § 2255 claim will be lost absent a § 1631 transfer," the court may dismiss the motion upon finding the interest of justice is not served by a transfer. Id.

Here, the defendant has made no suggestion that he satisfies the standard to file a second or successive § 2255 petition. As explained previously, the defendant has failed to demonstrate the existence of any newly discovered evidence. Moreover, he has failed to note a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. As a result, a transfer to the court of appeals would serve no legitimate purpose and would therefore not be in the interest of justice. This court has no choice but to dismiss his Rule 60(b) motion which we have determined is a second or successive § 2255 petition.

Rule 11 of the Rules Governing Section 2255 Proceedings states that the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue. . .only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this

standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 393 F.3d 1166, 1171 n. 3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For the reasons stated above, the defendant has not made a substantial showing of the denial of a constitutional right. The court therefore denies a certificate of appealability.

**IT IS THEREFORE ORDERED** that defendant's motion for new trial pursuant to Fed.R.Crim.P. 33 (Doc. # 127) is hereby denied.

**IT IS FURTHER ORDERED** that defendant's motion for new trial under Fed.R.Civ.P. 60(b) (Doc. # 127) is hereby dismissed. The court declines to issue a certificate of appealability.

**IT IS FURTHER ORDERED** that defendant's motion for post-conviction DNA testing (Doc. # 134) is hereby denied.

**IT IS SO ORDERED.**

Dated this 18th day of January, 2013 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge